**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3415-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY GIBBS, a/k/a
GREG NICE,

    Defendant-Appellant.

_____

Submitted October 16, 2024 – Decided December 5, 2024

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-07-1963.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Linda A. Shashoua and Courtney Cittadini, Section Chief, on the brief).

PER CURIAM

Defendant Gregory Gibbs was convicted of murder and related offenses; he was then sentenced to life in prison. He appeals from a May 18, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons explained in this opinion, we affirm.

I.

On December 3, 2012, C. Smith was shot and killed. A jury convicted defendant of the first-degree murder of Smith, N.J.S.A. 2C:11-3(a)(1), (2); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). In a bifurcated proceeding, defendant was convicted of second-degree certain persons not to have a weapon because of a prior criminal conviction, N.J.S.A. 2C:39-7.

On the murder conviction, defendant was sentenced to life in prison with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On the conviction for unlawful possession of a handgun, defendant was sentenced to a consecutive, extended term of twenty years in prison, with ten years of parole ineligibility as prescribed by the Graves Act, N.J.S.A. 2C:43-6. Defendant's conviction for possession of a handgun for an unlawful purpose was merged with his murder conviction, and

2

on the certain persons conviction, he was sentenced to a concurrent prison term of ten years with five years of parole ineligibility.

On direct appeal, we affirmed defendant's convictions but remanded for resentencing because the trial court had not adequately explained the reasons for the consecutive sentences. State v. Gibbs, No. A-5792-13 (App. Div. Mar. 8, 2016). At the resentencing, defendant was again sentenced to life in prison subject to NERA on the murder conviction. Defendant was also sentenced to the same prison terms on the convictions for unlawful possession of a handgun and certain persons, but his sentences were run concurrent to his murder sentence. Shortly thereafter, the Supreme Court denied defendant's petition for certification. State v. Gibbs, 226 N.J. 212 (2016).

In July 2016, defendant, representing himself, filed a PCR petition. In his supporting certification, defendant alleged:

> (1) My trial attorney . . . did not attempt to interview/or get Tyrone Nelson to testify [on] my behalf.
>
> (2) Tyrone Nelson would have helped me a great deal. He could have proved that the police/state misrepresented the facts he provided clarifying that I in fact was not the gunman.
>
> (3) I attempted to have [my trial attorney] removed from my case because he was conceding I was guilty and not vigorously defending my case.

3

(4) After the state rested its case, I asked [my trial attorney], to file a motion for mistrial and dismissal because the state provided [z]ero witnesses identifying me as the shooter. [My attorney], responded, "All of that will come out in the wash."

(5) My trial attorney was ineffective.

Thereafter, defendant was assigned PCR counsel, who filed a brief on his behalf, and the first PCR judge heard arguments on defendant's petition. On November 7, 2018, the first PCR judge issued a written opinion and order denying defendant's petition without an evidentiary hearing.

On appeal from the November 7, 2018 order, we affirmed the decision to deny defendant's petition based on the arguments made by his PCR counsel. State v. Gibbs, No. A-2421-18 (App. Div. Apr. 20, 2020) (Gibbs II). Nevertheless, we remanded part of the petition because the first PCR judge had not considered the arguments made by defendant in his certification. Id. at 3. In that regard, we explained: "In his certification, defendant argued that his trial counsel failed to interview a witness and have that witness testify at trial, and that trial counsel did not move for a mistrial or dismissal. The State acknowledges the PCR judge did not address the merits of those contentions, agreeing a remand is warranted." Ibid.

On remand, the remaining parts of defendant's PCR petition were considered by a second PCR judge. That judge allowed supplemental briefs to be filed and heard argument from counsel. On May 18, 2023, the second PCR judge issued a thorough written opinion and entered an order denying defendant's PCR petition without an evidentiary hearing.

In the written opinion, the second PCR judge found that defendant had not alleged specific facts supporting his assertion that trial counsel had been deficient in failing to interview or investigate Nelson as a witness. The second PCR judge went on to reason that "[t]rial counsel's decision not to call Mr. Nelson [was] clearly a strategic choice." The judge also reasoned that even if trial counsel's decision was based on less than a complete investigation, "the choice can be reasonably understood as grounded in sound professional judgment." The second PCR judge also concluded that trial counsel must have been aware of Nelson as a potential witness and aware that Nelson had given a pretrial statement, asserting that he had no information about the shooter. Accordingly, the second PCR judge concluded that Nelson, even if called, could only testify that he did not know who the shooter was and, therefore, defendant could not prove prejudice. Thus, the PCR judge concluded that, even if the decision to not call Nelson was not strategic, the "testimony of one witness who

was in the company of [defendant] the entire night and left with [defendant] after the shooting does not create the type of probability that undermines confidence in the outcome required by the [Court], when considered with the entirety of the admitted evidence."

In addition, the PCR judge noted that defendant's PCR investigator was unable to contact Nelson. The second PCR judge, therefore, found that there was "insufficient evidence regarding what Mr. Nelson would have testified to or how it would have changed the outcome" and, thus, there was insufficient evidence to justify an evidentiary hearing.

II.

On this second appeal concerning his PCR petition, defendant argues:

THE COURT ERRED IN NOT HOLDING AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF TRIAL COUNSEL'S FAILURE TO CALL TYRONE NELSON AS A WITNESS.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623

6

(App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). See also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-prong Strickland test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR. State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if: (1) he or she establishes "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the

existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief." Porter, 216 N.J. at 354 (alteration in original) (quoting R. 3:22-10(b)). In making that showing, a defendant must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b). Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 463-64 (1992).

III.

Initially, we clarify the limited scope of our remand in Gibbs II. On remand, defendant attempted to add new contentions concerning his trial court counsel's ineffective assistance. In that regard, defendant added claims that his trial counsel should have called three witnesses in addition to Nelson. Defendant also sought to expand the arguments concerning trial counsel's failure to seek a mistrial on additional grounds. The second PCR judge correctly ruled that none of those new contentions were properly before the court because they were not set forth in defendant's certifications filed before we made our decision in Gibbs II.

Nevertheless, the second PCR judge analyzed the new contentions and found that they did not establish a prima facie showing of ineffective assistance of trial counsel. Having conducted a de novo review, we agree with the second PCR judge and affirm the decision concerning defendant's new arguments for the reasons explained in the judge's written opinion.

We also affirm the second PCR judge's denial of defendant's petition based on the claim of ineffective assistance of counsel for failing to make a motion for a mistrial. Our de novo review convinces us that defendant failed to establish a prima facie showing of ineffective assistance of counsel on the contentions concerning the failure to move for a mistrial.

IV.

That leaves us with one remaining issue: whether defendant established a prima facie showing warranting an evidentiary hearing on his claim that trial counsel was ineffective for not calling Tyrone Nelson. Having also conducted a de novo review of that issue, we affirm because defendant made no showing of prejudice.

In our opinion on defendant's direct appeal, we summarized the relevant facts established at trial. Gibbs, slip op. at 3-7. We summarize some of those facts here to put Nelson's relevance into context.

9                                                    A-3415-22

Smith was shot in the back several times in the parking lot of a bar in Pleasantville. Lieutenant Justin Furman of the Atlantic County Prosecutor's Office (ACPO), and other members of the homicide unit, responded to the bar shortly after the shooting. Law enforcement personnel obtained video footage from surveillance cameras capturing the shooting in the parking lot, as well as the movements of Smith and defendant inside the bar before the shooting. The video in the parking lot showed Smith leaving the bar through the rear door. Smith then walked past defendant who was standing with two other men, one of whom was Nelson. The shooting occurred when a male wearing a distinctive jacket shot Smith in the back. The shooter then left the parking lot in a Ford Explorer.

When law enforcement personnel interviewed the people who were seen with defendant in the parking lot, none of them identified defendant as the shooter. Furman testified before the grand jury and recounted the statement he had taken from Nelson. In that regard, Furman testified: "When I spoke to Mr. Nelson, he told me that although he was standing right there at the time of the shooting, he had no information pertaining to the shooting. However, he did tell me that right after the shooting he got in his friend, Gregory [Gibbs's] Ford

10

Explorer and left the area. He identified Gregory Gibbs as the driver of that Explorer."

At trial, the jury reviewed a composite of the surveillance videos, as well as still photographs taken from the video footage. The jury also heard testimony that defendant had distinctive tattoos on his face and hands. The State also presented evidence that defendant's girlfriend owned a green Ford Explorer, which was like the Ford Explorer seen in the footage from the surveillance video. In addition, the State presented evidence that it had recovered the distinctive jacket in defendant's girlfriend's Ford Explorer.

Given the testimony at trial and the testimony at the grand jury proceedings, the question is whether Nelson's testimony could have been material and whether it might have changed the outcome of the trial. The second PCR judge found that defendant had not made a prima facie showing of either prong of the Strickland test concerning the failure to call Nelson as a witness at trial. We do not agree with the second judge's findings concerning trial counsel's strategies for not calling Nelson because those findings were made on a record that does not clearly establish trial counsel's strategic thinking. We do, however, agree that defendant established no prejudice. In that regard, defendant did not

11

demonstrate a reasonable probability that, but for counsel not calling Nelson as a witness, the results of the criminal trial would have been different.

To prevail on a PCR petition, a defendant must establish both prongs of the Strickland standard. Strickland, 466 U.S. at 687; State v. Nash, 212 N.J. 518, 542 (2013). A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition based on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).

Defendant did not obtain a certification or affidavit from Nelson stating what Nelson would have testified to had he been called as a witness at trial. Indeed, the record establishes that on remand, defendant's PCR counsel hired an investigator to try to find Nelson, but the investigator could not locate him. "Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant[.]" R. 3:22-10(c). As discussed, defendant has not established that Nelson's testimony was material or would have changed the outcome of the trial. Accordingly, defendant's claims about the failure to

call Nelson were merely "bald assertions." See Cummings, 321 N.J. Super. at 170 (explaining that "to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel"). See also Marshall, 148 N.J. at 158 (holding that "vague, conclusory, or speculative" allegations do not warrant relief).

Moreover, defendant did not certify what Nelson would have testified to had he been called as a witness at trial. The only testimony in the record is Furman's testimony before the grand jury. Furman testified that Nelson had no information concerning the shooting. Thus, defendant is effectively asking us to speculate that if Nelson was located, and if he now testified, he would testify to something different than what he told Furman. In short, defendant has failed to demonstrate a reasonable likelihood that his claim that trial counsel was ineffective in failing to call Nelson would succeed on the merits. See ibid.; see also R. 3:22-10(b).

V.

In summary, in Gibbs II and in this opinion, we have now reviewed all of defendant's contentions in his original PCR petition. Following our remand in Gibbs II, defendant failed to prove that he suffered any prejudice concerning the

failure of his trial counsel to call Nelson as a witness at trial.  Accordingly, we affirm the denial of all of defendant's claims in his PCR petition.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3415-22